PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

PATRICIA WOODS,
                    *Plaintiff-Appellant,*

v.                                              No. 07-1580

PRUDENTIAL INSURANCE COMPANY OF
AMERICA,

                    *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Jerome B. Friedman, District Judge.
(4:06-cv-00148-JBF)

Argued: May 15, 2008

Decided: June 11, 2008

Before SHEDD, Circuit Judge, HAMILTON, Senior Circuit Judge,
and Terry L. WOOTEN, United States District Judge for the
District of South Carolina, sitting by designation.

Vacated and remanded by published opinion. Judge Shedd wrote the
opinion, in which Senior Judge Hamilton and Judge Wooten joined.

## COUNSEL

**ARGUED:** Gregory Edward Camden, MONTAGNA, KLEIN, CAM-
DEN, LLP, Norfolk, Virginia, for Appellant. Walter Laurence Wil-
liams, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER,
LLP, McLean, Virginia, for Appellee. **ON BRIEF:** Dana L. Plunkett,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, McLean, Virginia, for Appellee.

---

## OPINION

SHEDD, Circuit Judge:

*Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989), establishes the principle that courts review de novo an ERISA[1] benefits determination unless the plan confers discretionary authority on its administrator. In this case we again confront the question of exactly what language is sufficient under *Firestone* to confer discretion on a plan administrator — and thus trigger an abuse-of-discretion review in the courts — over benefits determinations. In answering this question, we conclude that the plan currently before us does not clearly vest discretionary authority in its administrator and that the district court erred in engaging in an abuse-of-discretion review. Accordingly, we vacate the district court's judgment and remand for further proceedings using a de novo standard of review.

I

Patricia Woods was employed by Wendy's International, Inc. as a co-manager. During the time of her employment, she was insured under a long-term disability plan (the "Plan") issued and administered by Prudential Insurance Company of America ("Prudential"). After Woods was injured in an automobile accident, she filed a claim for benefits under the Plan. Prudential approved Woods' claim and paid her benefits for an initial twelve-month period ending in January 2005. Subsequently, Prudential reevaluated Woods' claim and denied further benefits beyond January 2005. Woods then pursued administrative appeals with Prudential, which eventually culminated in Prudential's final denial of benefits in September 2006.

Consequently, Woods brought this action under ERISA. Both parties moved for summary judgment, which the district court granted in

---

[1]Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*

Prudential's favor. In so doing, the court concluded that (1) the Plan vests discretion in Prudential to make benefits determinations and (2) under a modified abuse-of-discretion standard Prudential's decision must be upheld.[2] Woods now appeals, asserting that a de novo standard of review applies to Prudential's benefits determination and requesting that we remand to the district court for reconsideration under that standard.

## II

### A.

"In reviewing the denial of benefits under an ERISA plan, a court's first task is to consider de novo whether the relevant plan documents confer discretionary authority on the plan administrator to make a benefits-eligibility determination." *Blackshear v. Reliance Std. Life Ins. Co.*, 509 F.3d 634, 638 (4th Cir. 2007). In undertaking this inquiry, we begin with the broad principle set out in *Firestone*. There, the Court held that "a denial of benefits . . . is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary *discretionary* authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone*, 489 U.S. at 115 (emphasis added). If such discretionary authority is conferred, the courts' review is for abuse of discretion. *Id.* Thus, *Firestone* established that the default standard of review is de novo, and that an abuse-of-discretion review is appropriate only when discretion is vested in the plan administrator. *See, e.g., Bynum v. Cigna Healthcare of North Carolina, Inc.*, 287 F.3d 305, 311 (4th Cir. 2002).

In applying *Firestone*, we have held that an ERISA plan can confer discretion on its administrator in two ways: (1) by language which "expressly creates discretionary authority," and (2) by terms which "create discretion by implication." *Feder v. Paul Revere Life Ins. Co.*, 228 F.3d 518, 522-23 (4th Cir. 2000). However, regardless of whether discretion is created expressly or implicitly, we have consistently

---

[2]The district court employed a modified abuse-of-discretion standard because Prudential is both the administrator and the insurer of the Plan. *See, e.g., Doe v. Group Hospitalization & Med. Sers.*, 3 F.3d 80, 87 (4th Cir. 1993).

required that the plan manifest a clear intent to confer such discretion. *See*, *e.g.*, *id.* at 523; *Gallagher v. Reliance Std. Life Ins. Co.*, 305 F.3d 264, 268 (4th Cir. 2002). Moreover, we have made it plain that "[i]f a plan does not clearly grant discretion, the standard of review is de novo." *Id.* at 270 n.6. Finally, in the context of determining whether a plan sufficiently confers discretion, we have held that "[a]ny ambiguity in an ERISA plan is construed against the drafter of the plan . . . and in accordance with the reasonable expectations of the insured." *Id.* (internal quotations omitted).

B.

With these principles in mind, we must determine whether the Plan confers discretionary authority over benefit determinations on Prudential. While both parties agree that the Plan does not do so expressly, Prudential contends that such authority should be implied because the Plan specifies that a claimant is eligible for benefits "when Prudential determines" that eligibility exists and that disabilities are "determined by Prudential."[3] We find Prudential's argument unpersuasive.

Although the Plan's language vests authority in Prudential, it does not create any *discretionary* authority, as required by *Firestone*. As we indicated in *Gallagher*, discretionary authority is not conferred "by the mere fact that a plan requires a determination of eligibility or entitlement by the administrator." 305 F.3d at 269 (internal quotations

---

[3]The Summary Plan Description ("SPD") contains the following language:

> The Prudential Insurance Company of America as Claims Administrator *has the sole discretion* to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. The decision of the Claims Administrator shall not be overturned unless arbitrary and capricious.

J.A. 584 (emphasis added). Both Prudential and Woods acknowledge that this language is not relevant to our inquiry because it is not contained in the Plan itself. Nonetheless, its inclusion in the SPD demonstrates that Prudential knows how to draft language expressly reserving discretionary authority.

omitted).[4] In other words, almost all ERISA plans designate an administrator who, in order to carry out its duties under the plan, must determine whether a participant is eligible for benefits. Yet this authority to make determinations does not carry with it the requisite discretion under *Firestone* unless the plan so provides. *Firestone* itself is based on this distinction. That decision, grounded in common law trust principles, drew a contrast between trustees who had no discretion but who, of course, had authority to manage a trust, and trustees who had been granted discretion, in addition to their authority. *See, e.g., Firestone*, 489 U.S. at 111 ("where discretion is conferred upon the trustee," abuse-of-discretion review is appropriate); *id.* (abuse-of-discretion review is appropriate when "discretion [is] vested in [trustees] by the instrument under which they act"); *see also Haley v. Paul Revere Life Ins. Co.*, 77 F.3d 84, 88 (4th Cir. 1996) (noting difference between authority/duty to pay benefits and grant of discretion over benefit determinations). This distinction is important because ERISA plans are to be construed "in accordance with the reasonable expectations of the insured" when ambiguous, *Gallagher*, 305 F.3d at 269, and are to "enable plan beneficiaries to learn their rights and obligations at any time" by "reliance on the face of written plan documents," *Blackshear*, 509 F.3d at 643 (internal citations and alteration omitted). A plan which simply conveys authority to an administrator creates the expectation only that such authority will be exercised, not that the administrator will enjoy wide discretion in wielding its authority as well as freedom from searching judicial scrutiny.

In reaching this conclusion, we find ourselves in substantial accord with the Seventh Circuit's decision in *Herzberger v. Standard Ins. Co.*, 205 F.3d 327, 332 (7th Cir. 2000):

> We hold that the mere fact that a plan requires a determination of eligibility or entitlement by the administrator . . .

---

[4]Prudential relies heavily on our statement in *Feder* that "if the terms of a plan indicate a clear intention to delegate final authority to determine eligibility to the plan administrator, then [we] will recognize discretionary authority by implication." 228 F.3d at 523. However, as we made clear in *Gallagher*, we cannot infer a final authority to determine eligibility from the mere requirement that a determination be made by the administrator.

does not give the employee adequate notice that the plan administrator is to make a judgment largely insulated from judicial review by reason of being discretionary. Obviously a plan will not — could not, consistent with its fiduciary obligation to the other participants — pay benefits without first making a determination that the applicant was entitled to them. The statement of this truism in the plan document implies nothing one way or the other about the scope of judicial review of his determination, any more than our statement that a district court "determined" this or that telegraphs the scope of our judicial review of that determination.

In *Gallagher*, we implicitly accepted this reasoning, *see* 305 F.3d at 269-70, and we expressly do so now.

This approach makes clear that the Plan's language merely designates who must make benefit determinations and the timing of those determinations. Nothing in the phrases "when Prudential determines" or "determined by Prudential" implies the conferral of discretion, as opposed to mere authority, on Prudential. A contrary conclusion — that the bare assignment of authority to Prudential creates *Firestone*-type discretion — would lead to an abuse-of-discretion (rather than a de novo) review whenever an administrator is vested with authority to make eligibility determinations. Thus, because an administrator always possesses such authority (the responsibility to make eligibility determinations being inherent in the office of administrator), Prudential's argument would lead to an abuse-of-discretion review in nearly every ERISA benefits case, thereby jettisoning *Firestone's* distinction between authority and discretionary authority.

### III

Accordingly, Prudential's denial of Woods' claim must be reviewed de novo. We vacate the judgment entered below and remand for further proceedings consistent with this opinion.

*VACATED AND REMANDED*